

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Seay
County Attorney
Potter County
Amarillo, Texas

Dear Sir;

Opinion No. O-1383
Re: What fees is a county attorney
entitled to where he intervenes
for the state and county in a
tax suit filed by an independent
school district, under Articles
7332 and 7345b of the Revised
Civil Statutes of Texas?

We are in receipt of your letter of August 18,
1939, in which you request an opinion of this Department
as to what fees a county attorney is entitled to under
Article 7332 and Article 7345b, Revised Civil Statutes,
where he intervenes for the State and county in a suit
for delinquent taxes which was filed by an independent
school district.

Prior to 1931 Article 7332 of the Revised Civil
Statutes read in part as follows:

"Other fees -- The county attorney or dis-
trict attorney shall represent the State and
county in all suits against delinquent taxpay-
ers that are provided for in this law, and all
sums collected shall be paid immediately to the
county collectors. In all cases the compensa-
tion for said attorney shall be five dollars
for the first tract in one suit, and one dollar
for each additional tract involved in the same
suit; * * *"

It is to be noted that this statute used the
terms "provided for in this law". The law referred to
was Chapter 10 known as "Delinquent Taxes" which provided
in Article 7326 for the bringing of suits to foreclose

Honorable Tom Seay, Page 2

tax liens.

Article 7333 reads as follows:

"Fees taxed as costs -- In each case such
fees shall be taxed as costs against the land to
be sold under judgment for taxes, and paid out
of the proceeds of sale of same after the taxes,
penalty and interest due thereon are paid, and
in no case shall the State or county be liable
therefor."

Article 7332 as amended in 1931, reads in part,
as follows:

"Other fees -- The County or District Attor-
ney shall represent the State and County in all
suits against delinquent tax-payers, and all
sums collected shall be paid over immediately to
the County Collector.

"Before filing suits for the recovery of
delinquent taxes for any year, notice shall be
given to the owner or owners of said property
as is provided for in Article 7324 of the Re-
vised Civil Statutes of Texas, 1925, as amended
by Chapter 117, Page 196, Acts of the Forty-
second Legislature, Regular Session. The fees
herein provided for shall not accrue to nor shall
the various officers herein named be entitled
thereto in any suit unless it be proved that
notice has been given to the owner for the time
and in the manner provided by law.

"In all cases, the compensation of said
Attorney shall be Two ($2.00) Dollars for the
first tract and One ($1.00) Dollar for each
additional tract up to Four (4), but said fee
in no case to exceed Five ($5.00) Dollars. And
provided that in any suit brought against any
individual or corporate owner, all past due
taxes for all previous years on such tract of
tracts shall be included; and provided, further
that where there are several lots in the same
addition or subdivision delinquent, belonging
to the same owner, all said delinquent lots

shall be made the subject of a single suit."

It is to be noted that the term "provided for in this law" was left out of this amended act and it now provides that the county and district attorney shall represent the state and county in all suits against delinquent taxpayers. Paragraph 2 of the amended Article is concerned with notice in the filing of suits for the recovery of delinquent taxes. Paragraph 3, however, starts off with the term "in all cases". There can be no question that the compensation schedule set out for county or district attorneys in Article 7332 as amended applies in all cases, regardless of whether originally filed by the county attorney for the state and county or intervened into by said county or district attorney. This Act places the duty upon the county or district attorney to represent the state and county in all suits against delinquent taxpayers and sets up the fees that he shall receive for such representation. Where a county or district attorney intervenes for the state and county he certainly is representing the state and county in a suit against a delinquent taxpayer regardless of the fact that he did not originally file the same. There is no basis for the construction that Article 7332 applies only to suits which were originally filed by the county or district attorney. It is to be remembered that Article 7333 allows these attorneys fees as set up in Article 7332 to be charged as court costs.

In 1937 the Legislature passed Article 7345b. Among other things this Act provides for the impleading or intervening of other tax units in a suit originally filed by one tax unit. Section 6 of this Article deals with court costs and reads as follows:

"Sec. 6. All court costs, including costs of serving process, in any suit hereafter brought by or in behalf of any taxing units for delinquent taxes in which suits all other taxing units having a delinquent tax claim against such property of any part thereof, have been impleaded, together with all expenses of foreclosure sale and such reasonable attorney's fees as may be incurred by the interpleaded or intervening taxing units,

not exceeding ten per cent (10%) of the amount
sued for, such attorney's fees to be subject
to the approval of the court together with such
reasonable expenses as the taxing units may in-
cur in procuring data and information as to the
name, identity and location of necessary parties
and in procuring necessary legal descriptions
of the property, shall be chargeable as court
costs."

Section 13 of this same Article reads as follows:

"Sec. 13. The provisions of this Act shall
be cumulative of and in addition to all other
rights and remedies to which any taxing unit
may be entitled, but as to any proceeding brought
under this Act, if any part or portion of this
Act be in conflict with any part or portion of
any law of the State, the terms and provisions
of this Act shall govern as to such proceeding.
The provisions of Chapter 10, Title 122 of the
Revised Civil Statutes of 1925 shall govern
suits brought under this Act except as herein
provided. Acts 1937, 45th Leg., p. 1494-a,
ch. 506."

Section 13 specifically provides that the provisions
of Chapter 10 shall control in all cases except in cases where
the provisions of this Act are in conflict thereto. In those
cases this Act shall control. Furthermore, Article 7345b is
cumulative of all other laws on the subject.

The question presented then is whether or not Sec.
6 of Article 7345b is in conflict with Article 7332 as to
attorneys fees which may be collected by a county or district
attorney.

Section 6 of Article 7345b deals with what may be
allowed as court costs. Nowhere in this Section does it pro-
vide that taxing units shall pay an attorney's fee of ten per
cent. Furthermore, nowhere in this Section is it provided
that ten per cent may be charged in every case as court costs
for attorney's fees. It is provided, however, that "such
reasonable fees as may be incurred by the interpleaded or
intervening taxing units and not exceeding ten per cent of the
amount sued for" may be charged. In other words, if a taxing

Honorable Tom Seay, Page 5

unit contracted with an attorney to pay him five per cent
for his services, then only this five per cent would be
chargeable as court costs because that would be the reason-
able attorney's fees that would be incurred by that particular
interpleaded or intervening taxing unit. However, if that
same taxing district contracted with an attorney to pay him
fifteen per cent as his attorney's fees only 10 per cent of
that amount would be chargeable as court costs. To bear this
out is the fact that the act does not provide for ten per cent
attorney's fees in every case but provides for the allowance of
attorney's fees as incurred "not exceeding ten per cent."

While Section 6 of Article 7345b applies to all tax-
ing units it is evident that the part which refers to attorney's
fees as court costs does not apply to the county or district
attorney. This is true because this Section reads, in part, as
follows:

> "Such reasonable attorney's fees as may be
> incurred by the interpleaded or intervening tax-
> ing units . . ."

The particular language quoted shows the legislative
intention that the same shall not apply to county attorney's
fees because of the fact that the State and counties are pro-
hibited by Article 7333, supra, from incurring any attorney's
fee. The fee of the county or district attorney is set by
Article 7332 and in no case may the State or county be liable
for the same under Article 7333 which Article also requires
that said fee be charged as court costs. It is the opinion of
this Department, then, that the county or district attorney
should receive the fee set out in Article 7332 in every tax
suit where judgment is obtained and the same is always charge-
able as court costs.

It is to be remembered, however, that the rest of
Section 6 of Article 7345b, aside from the portion concerning
attorney's fees, does apply to the State and county so as to
allow them to set up as costs the items set out in said Sec.6.

In your letter you inquire further if the county
attorney should collect these fees allowed him by statute where
he is compensated from the officers salary fund.

Article 7332 before it was amended provided, in part,
as follows:

Honorable Tom Geay, Page 6

"All fees provided for the officers herein
mentioned shall be in addition to fees allowed
by law to such officers, and shall not be ac-
counted for by said officers as 'fees of office'".

Article 7332 as amended in 1931 provides in part:

"All fees provided for the officers herein
shall be treated as fees of office and accounted
for as such and said officers shall not receive
nor retain said fees in excess of the maximum
compensation allowed said officers under the laws
of this state."

Article 3912e, Section 5, provides in part:

"It shall be the duty of all officers to
charge and collect in the manner authorized by
law all fees and commissions which are permitted
by law to be assessed and collected for all of-
ficial service performed by them. As and when
such fees are collected they shall be deposited
in the Officer's Salary Fund, or funds provided
in this Act."

You are correct in your conclusion that where a
county attorney, who is compensated from the officer's
salary fund, intervenes in a tax suit for the state and
county he should collect said attorney's fees as court
costs and then deposit them in the officer's salary fund
and the same should not be retained by him in addition to
his regular compensation.

If the attorney's fees actually collected in
your case are in excess of the amount the county is en-
titled to charge the taxpayer as costs, the correct dis-
position of such excess funds would be as you suggested
in your letter to have the district clerk make a refund
of such fees to the taxing units or whatever party may be
entitled to the same.

Anything in Opinion No. 0-836 which may be in
conflict with this opinion is hereby expressly overruled.

Honorable Tom Seay, Page 7

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Billy Goldberg
Assistant

BG:AW: APPROVED OCT 4, 1939

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY